UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TIMOTHY CHARLES HAGBERG**
   **Petitioner,**

  v.          Case No. 09-C-0669

**JUDY SMITH**
   **Respondent.**

## ORDER

On July 8, 2009, Timothy Charles Hagberg filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In an order dated July 31, 2009, I found that the original petition was incomprehensible and afforded petitioner an opportunity to file an amended petition. Petitioner filed an amended petition on August 10, 2009. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the amended petition prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

Although the amended petition sheds more light on plaintiff's claims than the original petition, the amended petition is also somewhat confusing. However, it is clear that the subject of the petition is a judgment of conviction entered by the Dane County Circuit Court on August 26, 1998. (Pet. § I.C.) It is also clear that petitioner claims that his conviction was obtained in violation of his right to effective assistance of counsel on appeal. (Pet. §

IV., Ground Two.) Petitioner also asserts other claims, but it is difficult to identify the nature of those other claims with precision. It is also difficult to determine whether petitioner has exhausted his state remedies and whether he filed the present petition within the one-year statute of limitations for habeas petitions, 28 U.S.C. § 2244(d).

For these reasons, I cannot determine that petitioner is "plainly" not entitled to relief in the district court, but neither can I say that he has presented claims that deserve to proceed further. Moreover, because petitioner has demonstrated an inability to file a lucid pleading, I am inclined to appoint counsel to represent him. However, because petitioner's conviction was entered in 1998 – almost eleven years before he commenced this action – it is likely that the present petition is not timely. In order to avoid appointing counsel in a matter that is potentially frivolous, I will direct respondent to advise the court within 30 days of the date of this order whether she intends to move to dismiss the petition based on the statute of limitations or any other procedural defense (such as failure to exhaust state remedies or procedural default). If respondent intends to move to dismiss the petition, she shall so advise the court by simply filing her motion to dismiss within 30 days of the date of this order. If respondent does not intend to move to dismiss the petition, she shall inform the court, at which point I will determine whether to appoint counsel.

**THEREFORE, IT IS ORDERED** that within **30 days** of the date of this order respondent either file a motion to dismiss the petition or advise the court that it will not be moving to dismiss the petition. If respondent files a motion to dismiss the petition: (1) petitioner shall have **30 days** following the filing of respondent's motion and supporting brief within which to file a brief in opposition; and (2) respondent shall have **15 days**

following the filing of petitioner's opposition brief within which to file a reply brief, if any. Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the motion filed by respondent must not exceed thirty pages, and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits. When reviewing petitioner's response to respondent's motion, I will take his pro se status into account. If it appears that petitioner cannot meaningfully respond to the motion without the assistance of counsel, I will consider appointing counsel for purposes of filing a supplemental response to the motion. However, petitioner is expected to attempt to respond to the motion on his own.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files her notice of appearance, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Judy Smith and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 20 day of September, 2009.

/s_____
LYNN ADELMAN
District Judge

3