# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY CHARLES HAGBERG
    Petitioner,

 v.            Case No. 09-C-0669

JUDY SMITH
    Respondent.

## DECISION AND ORDER

On July 8, 2009, Timothy Hagberg filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In an order dated July 31, 2009, I found that the original petition was incomprehensible and afforded petitioner an opportunity to file an amended petition. Petitioner filed an amended petition on August 10, 2009. On September 21, 2009, I evaluated the amended petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and found that although the amended petition was still unclear, it appeared to be attacking a state-court judgment entered on August 27, 1998. I indicated that in light of petitioner's inability to file lucid pleadings, I was considering appointing counsel to represent him. However, because the petition related to such an old conviction, I directed respondent to advise me whether she intended to move to dismiss the petition based on AEDPA's one-year limitations period, 28 U.S.C. § 2244(d)(1), or to dismiss the petition based on any other procedural defenses. Respondent has since moved to dismiss the petition based on the statute of limitations, and I consider this motion below.

Before addressing the motion to dismiss, however, I will revisit Hagberg's request for appointed counsel. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Here, Hagberg has not shown that he has made a reasonable attempt to secure counsel on his own or that he has been effectively precluded from doing so. Further, although Hagberg is not himself able to file lucid pleadings and briefs, a fellow inmate has helped Hagberg respond to respondent's motion to dismiss. With this assistance, I find that Hagberg was able to competently respond to the motion. For this reason, I will not appoint counsel to represent Hagberg. See Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (district court did not abuse discretion in failing to appoint counsel for litigant who lacked competence to litigate case himself where litigant received assistance from "jailhouse lawyer").

Turning to respondent's motion to dismiss based on the statute of limitations, Hagberg's amended petition challenges two related judgments of conviction, both of which were entered on August 27, 1998. Pursuant to the first judgment, petitioner was convicted of various counts of child sexual assault and related offenses. He is currently serving a total sentence of fifty years. Pursuant to the second judgment, petitioner was convicted of bail jumping. He received a five-year sentence, which he served concurrently with the

2

sentence he received on the sexual assault convictions. Petitioner has finished serving this five-year sentence, and for this reason he is no longer "in custody" pursuant to the bail-jumping conviction. I therefore cannot entertain a habeas petition attacking the bail-jumping conviction. See Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (holding that where a concurrent sentence has expired by its terms, petitioner is not "in custody" pursuant to the judgment imposing that sentence).

This leaves the conviction for sexual assault and related offenses. Respondent argues that Hagberg's federal challenge to this conviction is untimely. Pursuant to 28 U.S.C. § 2244(d)(1)(A), a petition challenging a state-court conviction must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, this statute of limitation is subject to a statutory tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the one-year limitations period]." 28 U.S.C. § 2244(d)(2).

As noted, Hagberg's conviction was entered on August 27, 1998. Although he took a direct appeal from this conviction, the state court of appeals dismissed the appeal because Hagberg failed to file his opening brief.[1] Hagberg did not file a petition for review

---

[1] It appears that Hagberg attempted to handle his direct appeal pro se. The trial court allowed Hagberg's appointed post-conviction counsel (Attorney Klimowicz) to withdraw after Hagberg accused him of being ineffective. (See Exhibit 10 to Pet'r's Answer to Respondent's Mot. to Dismiss.) Prior to allowing Klimowicz to withdraw, Hagberg had been represented in post-conviction proceedings by a different attorney, Kevin Schram. (See Exhibit 8 to Pet'r's Answer to Respondent's Mot. to Dismiss.) The trial court had previously allowed Attorney Schram to withdraw. When the court allowed Klimowicz to withdraw, it determined that Hagberg was not entitled to have a third lawyer appointed at

3

of the court of appeals' decision with the state supreme court. Thus, direct review of Hagberg's conviction concluded on March 14, 2003, the date on which the court of appeals remitted the case to the trial court.

Since March 14, 2003, petitioner has filed numerous motions and other papers with the state trial and appellate courts. The state courts have consistently denied these motions, and the last such denial occurred on October 23, 2009 – after Hagberg commenced the present proceeding. If any of these motions qualified as "properly filed" applications for state collateral review, the one-year statute of limitations would have been tolled while they were pending. However, petitioner has made no attempt to show that any of his numerous motions were properly filed. Although respondent concedes that one of Hagberg's motions was properly filed, this motion was decided in April 2004, or shortly thereafter. Unless this motion remained "pending" until mid or late 2008, Hagberg's federal habeas petition would be untimely. But Hagberg has not argued that either this motion or any other properly filed application for collateral review remained pending for the amount of time necessary to render his present petition timely. Therefore, I conclude that Hagberg's petition was not filed within AEDPA's one-year limitations period.

Hagberg suggests that his failure to comply with the statute of limitations should be excused because of cause and prejudice. I will construe this argument as a request for equitable tolling. However, equitable tolling is granted sparingly and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. <u>Simms v. Acevedo</u>, 595 F.3d 774, 781 (7th Cir. 2010). In the present case, no extraordinary

---

the county's expense. (Exhibit 10 at pp. 5-6.)

circumstances beyond Hagberg's control prevented him from filing a timely habeas petition. The record reveals that Hagberg chose to file numerous and repetitive motions with the state courts rather than diligently pursue his federal remedies. Although this may be due in part to Hagberg's limited intelligence and the fact that the state court allowed his appointed lawyers to withdraw, nothing in the record suggests that the state court erred in allowing his lawyers to withdraw. Rather, it appears that the state court appointed two different lawyers to represent Hagberg during post-conviction proceedings. After Hagberg refused to cooperate with these lawyers, the state court allowed them to withdraw and determined that the county would not pay for a third attorney. Accordingly, I conclude that Hagberg is not entitled to equitable tolling.

For the reasons stated, **IT IS ORDERED** that respondent's motion to dismiss is **GRANTED**. The clerk shall enter final judgment dismissing this case. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, I find that petitioner is not entitled to a certificate of appealability because jurists of reason would not find my resolution of the procedural issues involved in this case debateable or wrong. See Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Dated at Milwaukee, Wisconsin, this 6 day of April, 2010.

/s_____
LYNN ADELMAN
District Judge

5

Case 2:09-cv-00669-LA   Filed 04/06/10   Page 5 of 5   Document 27